IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRIAN FORSHEY, an incapacitated person, by the guardian of his person and estate, LINDA J. FORSHEY,** | : | **Civil No. 1:13-cv-0285** |
| **Plaintiff,** | : | |
| v. | : | |
| **HUNTINGDON COUNTY, et al.,** | : | |
| **Defendants.** | : | **Judge Sylvia H. Rambo** |

# M E M O R A N D U M

Before the court is a Report and Recommendation filed by the Magistrate Judge in which she recommends that Defendants' partial motion for summary judgment be granted in part and denied in part. (Doc. 73.) Plaintiff filed objections to part of the Report and Recommendation (Doc. 74) and Defendants responded (Doc. 75). For the reasons set forth herein, the objections will be overruled and the Report and Recommendation will be adopted.

## I.    Background

This action was brought by Linda J. Forshey, as guardian of Plaintiff Brian Forshey ("Forshey"), an incapacitated person. Forshey was a pre-trial detainee at the Huntingdon County Prison during the months leading up to and on July 24, 2011. During this time there was a heat wave occurring in Pennsylvania. Forshey alleges that as a result of the prison not properly taking action to ameliorate the conditions within the prison to combat the effects of the heat, Forshey eventually

suffered brain damage. (Doc. 37.) Forshey brought this suit pursuant to 42 U.S.C. § 1983 alleging deficiencies in conditions of confinement and deliberate indifference to a medical need. (*Id.*)

The Magistrate Judge made the following recommendations:

1. Defendants' motion for summary judgment on Forshey's conditions of confinement claim be DENIED;
2. Defendants Bair and Black are not entitled to qualified immunity on Forshey's conditions of confinement claim;
3. The motion for summary judgment of Defendants Bair and Black, in their individual and official capacities, on Forshey's deliberate indifference to a serious medical need be GRANTED;
4. Defendants' motion for summary judgment on any *Monell* liability for Forshey's conditions of confinement claim related specifically to the running of showers while not in use be DENIED; and
5. Defendants' motion for summary judgment on any *Monell* liability for Forshey's deliberate indifference claim arising from Nurse Watkins' conduct be GRANTED.

Plaintiff objects to the third and fifth recommendations. (Doc. 74.)

## II. Discussion

As to the third recommendation, Plaintiff claims that Warden Duane Black was deliberately indifferent by failing to adopt a policy requiring officers to contact him while off-duty to apprise him of any inmate medical problems. (*Id.* at pp. 3-6 of 31.) A deliberate indifference claim to a serious medical need requires proof that the official "knows of and disregards an excessive risk to inmate health

2

or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The courts in this circuit have consistently held that a plaintiff cannot succeed on a claim pursuant to 42 U.S.C. § 1983 without evidence of a defendant's personal involvement. (Doc. 75, p. 3.) As Defendants note, Warden Black was not aware of Forshey's condition until his hospitalization. (*Id.*) Thus, the recommendation as to Warden Black will be adopted.

The same jurisprudence applies to Deputy Warden Darrell Bair. Deputy Warden Bair was notified of Forshey's condition by telephone after medical intervention had occurred. (Doc. 73, p. 15.) Furthermore, a prison official has no obligation to second guess medical personnel as to the treatment provided to an inmate. Accordingly, the Magistrate Judge's recommendation as to Deputy Warden Bair will be adopted.

As to the fifth recommendation, Forshey claims that the Magistrate Judge erred in recommending that summary judgment be granted to Defendants because Nurse Watkins was acting as a final policy maker as required for a *Monell* liability claim. (Doc. 74, p. 9 of 31.) He cites *Dominguez v. Corrections Medical Services* in support of his claim. 555 F.3d 543 (6th Cir. 2009). The Sixth Circuit affirmed the denial of summary judgment holding that a prison nurse could have acted with deliberate indifference in the treatment of an inmate who suffered a heat stroke. *Id.*

at 551-52. The court further held that the nurse was not entitled to qualified immunity. *Id.* at 552.

In the case at hand, Forshey did not plead a § 1983 claim against Nurse Watkins, nor did he specifically name Nurse Watkins as a defendant in either complaint. (*See* Docs. 1 & 19.) While the parties argue and cite cases supporting their respective positions as to whether Nurse Watkins is a final policy maker, the subject is moot as no such claims involving Nurse Watkins were filed in any of the complaints. Thus, the Magistrate Judge's fifth recommendation will be adopted.

### III. Conclusion

For the reasons stated herein, the Magistrate Judge's Report and Recommendation will be adopted. An appropriate order will issue.

                                          s/Sylvia Rambo
                                          SYLVIA H. RAMBO
                                          United States District Judge

Dated: January 12, 2017